UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ALAN BROWN,

                           Plaintiff,

                 -against-

CITY OF NEW YORK; Police Officer MICHAEL WALSH, Shield No. 17054; Police Officer ANGELO PIZZARO, Shield No. 29275; Police Officer JERMAINE TAYLOR, Shield No. 23344; Sergeant DIANA PICHARDO, Shield No. 2816; Police Officer GAET JEANS DOXY, Shield No. 13488; Police Officer MIKE IZZO, Shield No. 4225; Police Officer ANSARI KALIL, Shield No. 11189; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                          Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

14 CV 3247 (JBW) (VMS)

## **NATURE OF THE ACTION**

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## **JURISDICTION AND VENUE**

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3.    The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5.  Plaintiff demands a trial by jury in this action.

## PARTIES

6.  Plaintiff Alan Brown ("plaintiff" or "Mr. Brown") is a resident of Kings County in the City and State of New York.

7.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York and the employer of the individually named defendants.

8.  Defendant Police Officer Michael Walsh, Shield No. 17054 ("Walsh"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Walsh is sued in his individual and official capacities.

9.  Defendant Police Officer Angelo Pizzaro, Shield No. 29275 ("Pizzaro"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pizzaro is sued in his individual and official capacities.

10. Defendant Police Officer Jermaine Taylor, Shield No. 23344 ("Taylor"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Taylor is sued in his individual and official capacities.

11. Defendant Sergeant Diana Pichardo, Shield No. 2816 ("Pichardo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Pichardo is sued in her individual and official capacities.

12. Defendant Police Officer Gaet Jeans Doxy, Shield No. 13488 ("Doxy"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Doxy is sued in his individual and official capacities.

13. Defendant Police Officer Mike Izzo, Shield No. 4225 ("Izzo"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Izzo is sued in his individual and official capacities.

14. Defendant Police Officer Ansari Kalil, Shield No. 11189 ("Kalil"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Kalil is sued in his individual and official capacities.

15. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

16. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the

NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

17. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18. At approximately 11:45 p.m. on October 31, 2012, in the immediate aftermath of Hurricane Sandy, plaintiff was present inside the Key Foods Supermarket located at 3485 Neptune Avenue in the Coney Island neighborhood of Brooklyn, New York ("Key Foods").

19. Plaintiff had gone to the Key Foods, which was closed and – like the entire neighborhood – without power, in search of his younger sister and out of concern for her safety.

20. Once inside the Key Foods, plaintiff found his sister and attempted unsuccessfully to convince her to leave.

21. Mr. Brown's sister rushed away from him and he gave chase briefly before slipping and falling onto the dark floor.

22. As he collected himself and stood up, Mr. Brown heard the defendants storming into the Key Foods and surrendered himself.

23. Although he was inside the store for the aforementioned reason, Mr. Brown, a law abiding and hardworking young man, was not looting the Key Foods at

the time of his arrest.

24. Mr. Brown was not in possession of any property from the Key Foods at the time of his arrest.

25. Nevertheless, the defendants arrested him for crimes including Criminal Possession of Stolen Property and Petit Larceny.

26. Plaintiff was eventually taken to a police precinct.

27. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed Mr. Brown commit larceny and possess stolen property and prepared and forwarded false paperwork containing those allegations, including an arrest report.

28. At no point did the officers ever observe plaintiff possess stolen property or commit larceny.

29. On or about November 1, 2012, Mr. Brown was taken to Brooklyn Central Booking.

30. On or about November 3, 2012, plaintiff was arraigned in Kings County Criminal Court where bail was set.

31. Unable to make bail, Mr. Brown was taken to Otis Bantum Correctional Center ("OBCC") on Rikers Island.

32. A grand jury was convened and Mr. Brown testified.

33. The grand jury declined to indict Mr. Brown on the felony charge of

burglary as well as the charges of criminal possession of stolen property and petit larceny.

34. After spending approximately ten days in custody, Mr. Brown was released on his own recognizance.

35. Thereafter Mr. Brown was prosecuted for over a year on a non-criminal trespass violation charge, making repeated court appearances, before reluctantly accepting an adjournment in contemplation of dismissal of the criminal charges.

36. Mr. Brown suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, suffered fear, pain, bodily injury, anxiety, embarrassment, humiliation and damage to his reputation.

**FIRST CLAIM**
**Denial Of Constitutional Right To Fair Trial**

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. The individual defendants created false evidence against plaintiff.

39. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

40. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair

trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

41. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Failure To Intervene

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

44. Accordingly, the defendants who failed to intervene violated the Fifth, Sixth and Fourteenth Amendments.

45. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

Dated: September 22, 2014
New York, New York

HARVIS WRIGHT & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwandf.com

*Attorneys for plaintiff*